Elizabeth L. Deeley (SBN 230798)
Kristin Sheffield-Whitehead (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: elizabeth.deeley@kirkland.com

Andrew B. Clubok (admitted *pro hac vice*)
Susan E. Engel (*pro hac vice* application pending)
Carrie J. Bodner (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Tel:  (212) 446-4800
Fax:  (212) 446-6460
Email:  andrew.clubok@kirkland.com

Attorneys for Defendant
*Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH DUGUID, *individually and on behalf of all others similarly situated*,<br><br>              Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>              Defendant. | CASE NO.: 3:15-cv-00985-JST<br><br>**FACEBOOK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Complaint Filed Date:  March 3, 2015<br><br>Judge:          Hon. Jon S. Tigar<br>Hearing Date:  July 30, 2015<br>Time:           2:00 p.m.<br>Courtroom:      Courtroom 9, 19th Floor |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Evidence 201, Defendant Facebook, Inc. ("Facebook") specifically requests that, in considering Facebook's concurrently filed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court take judicial notice of the following exhibits:

| Exhibit | Description | Source |
|---|---|---|
| Exhibit 1 | Facebook Help Center webpage, *How do I verify my account?* | Available at https://www.facebook.com/help/266902903322428 |
| Exhibit 2 | Facebook Statement of Rights and Responsibilities | Available at https://www.facebook.com/legal/terms<br><br>Also available under "Statement of Rights and Responsibilities, Terms you agree to when you use Facebook" at https://www.facebook.com/policies/ |
| Exhibit 3 | Facebook Help Center webpage, *How do I add or remove credit card info from my account?* | Available at https://www.facebook.com/help/242462812536016 |
| Exhibit 4 | Sharon Profis, *Find out if someone's logging in to your Facebook account*, CNET (Dec. 10, 2011) | Available at http://www.cnet.com/au/how-to/find-out-if-someones-logging-in-to-your-facebook-account/ |
| Exhibit 5 | Alyssa Abkowitz, *Wrong Number? Blame Companies' Recycling*, Wall Street Journal (Dec. 1, 2011) | Available at http://www.wsj.com/articles/SB10001424052970204012004577070122687462582. |
| Exhibit 6 | Alison Griswold, *Venmo is Trendy, Easy to Use, and Growing Fast. But are Its Mobile Payments Safe?,*" Slate (Feb. 25, 2015, 8:10 PM) | Available at *http://www.slate.com/articles/technology/safety_net/2015/02/venmo_security_it_s_not_as_strong_as_the_company_wants_you_to_think.html.* |

Under Federal Rule of Evidence 201, the court may take judicial notice of facts contained in public records that are not subject to reasonable dispute, *see* Fed. R. Evid. 201(b), and it may take judicial notice on a motion to dismiss. *See Intri-Plex Technologies, Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (court may take judicial notice of matters of public record without converting motion to dismiss into motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute). All of these Exhibits are publicly available webpages that courts regularly find are the proper subject of a request for judicial notice. *See, e.g., Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829

(S.D.N.Y. 2012) (taking judicial notice of "Facebook's current website" for purposes of understanding "the Facebook sign-up process"); *United States v. Kiewit Pac. Co.*, No. 12-CV-02698-JST, 2013 WL 5770514, at *5 (N.D. Cal. Oct. 24, 2013) (taking judicial notice of media reports). Moreover, as discussed further in Facebook's memorandum in support of its motion to dismiss, Exhibits 1 to 3 are also properly considered under the "incorporation by reference" doctrine, because Plaintiff's complaint necessarily relies on the information in them, and they are from the same source upon which Plaintiff himself repeatedly relies (*i.e.*, Facebook's website), such that their authenticity and relevancy cannot be disputed. (*See* Compl. ¶¶ 4-6, Exs. A and B.)

## ARGUMENT

Federal Rule of Evidence 201 provides that a court "may judicially notice a fact that is not subject to reasonable dispute" when it "is generally known within the trial court's territorial jurisdiction" or when "[it] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Although a court may take judicial notice on its own, it "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Here, the Court may take judicial notice of Exhibits 1 to 3—which are webpages from Facebook's website that discuss adding a mobile phone number for login notifications, keeping that number up to date, and the type of private information on Facebook accounts. The information contained in Exhibits 1 to 3 is not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Exhibits 1 to 3 are currently publicly available on Facebook's website—the same website upon which Plaintiff repeatedly relies in his complaint. (*See, e.g.*, Compl. ¶¶ 4-6, Exs. A and B.) Courts routinely take judicial notice of information on websites, including on Facebook's website, where, as here, there is no reasonable dispute regarding the information. *See, e.g.*, *I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989, 998 (N.D. Cal. 2012) (granting request for judicial notice of certain screenshots of webpages from Facebook's website, finding that "these matters can be 'accurately and readily determined from sources whose accuracy cannot reasonably be questioned,'" citing Fed. R. Evid. 201(b)); *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829 (S.D.N.Y. 2012) (taking judicial notice of

"Facebook's current website" for purposes of understanding "the Facebook sign-up process"); *see also Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) (citing Fed. Rule Evid. 201 and clarifying that "as a general matter, websites and their contents may be proper subjects for judicial notice").[1]

This Court may also take judicial notice of the media reports in Exhibits 4 to 6, discussing the indisputable facts that the hacking of websites in order to steal financial and personal information is a widely reported danger of Internet use, as well as the fact that recycled phone numbers are a reported reason for parties being called unintentionally. *See United States v. Kiewit Pac. Co.*, No. 12-CV-02698-JST, 2013 WL 5770514, at *5 (N.D. Cal. Oct. 24, 2013) (taking judicial notice of media reports, which "are judicially noticeable documents provided they are not considered by the Court for the truth of their content, but rather for the fact that the reports were made"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice that the public was aware of information in news articles).

Moreover, as discussed in Facebook's memorandum in support of its motion to dismiss, the Court may also consider Exhibits 1 to 3 pursuant to the "incorporation by reference" doctrine. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("incorporation by reference" doctrine has been "extended . . . to consider documents in situations where the complaint necessarily relies upon" them and their authenticity and relevancy are not disputed). Plaintiff explicitly refers to and relies upon the login notification process, quoting from and attaching Facebook Help Center webpages, including one that says, "You need to add a mobile phone number to your account to receive text message alerts."

---

[1] Where courts have refused to take judicial notice of websites, including webpages from Facebook's website, it is because the issues in the case turned on whether the plaintiff, a person who used Facebook, was bound by particular terms and the plaintiff disputed whether he or she encountered a particular page or whether the page's contents changed over time. *See, e.g.*, *I.B. ex rel. Fife*, 905 F. Supp. 2d at 998 (denying request for judicial notice of screenshots of particular Facebook webpages where there was a reasonable dispute as to whether those were the particular payment pages in effect and viewed by plaintiffs when they made their purchases); *Cohen v. Facebook, Inc.*, 798 F. Supp. 2d 1090, 1094 (N.D. Cal. 2011) (refusing to take judicial notice of information from Facebook's website where "substantial questions would remain in this instance as to when various versions of the documents may have appeared on the website and the extent to which they necessarily bound all plaintiffs"). The rationale of these denials is inapposite here, where the issues do not turn on whether Plaintiff is bound by particular terms or viewed the webpages. Indeed, Plaintiff alleges that he does not even have a Facebook account. (*See* Compl. ¶ 27 and Ex. E ("I do not have a Facebook account[.]").) Facebook requests that the Court take judicial notice of Exhibits 1 to 3 solely for purposes of understanding how the login notification process works for mobile phone numbers and how such notifications provide an extra security measure for the private information stored on Facebook accounts.

(Compl. ¶¶ 4, 5, and Ex. A.)  But he does not attach the Help Center webpage describing how to add and verify a mobile phone number, a necessary step in turning on the login notifications as text alerts, so Facebook has provided that webpage as Exhibit 1.  (*See* Deeley Decl. at Ex. 1.)  Facebook has also provided Exhibit 2, its terms of service, which include a provision relating to "Mobile . . . Devices" requiring users to keep their mobile phone numbers up to date  (*See* Deeley Decl. at Ex. 2.)  Finally, because Plaintiff's complaint alleges that consumers have "private information" on their Facebook accounts for which login notifications provide security (Compl. ¶ 4), Facebook has also provided Exhibit 3, a Help Center webpage demonstrating that the alleged "private information" includes financial information.  (*See* Deeley Decl. at Ex. 3.)

Because Plaintiff himself relies on and attaches Facebook webpages, including its Help Center webpages, and he alleges facts relating to both the login notification process and the private information that Facebook users may use login notifications to protect, Plaintiff cannot reasonably dispute the authenticity and relevancy of Exhibits 1 to 3.  Accordingly, the Court may consider Exhibits 1 to 3 in determining Facebook's motion to dismiss.  *See Coto Settlement*, 593 F.3d at 1038 (finding billing agreement "integral" to the complaint where, although "not explicitly" referenced, document was necessary to determination of whether statute of limitations had run on plaintiff's claim and plaintiff's allegations supported its existence); *see also Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 795 (N.D. Cal. 2011) (considering Facebook's terms of service because they were cited in plaintiff's complaint but declining to consider Facebook Help Center webpages where they were not attached to plaintiff's complaint and plaintiff only cited one excerpt from one such webpage).

///

///

///

///

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CONCLUSION</u>

Facebook respectfully requests that, in connection with its concurrent motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court take judicial notice of Exhibits 1 to 6, attached to the Declaration of Elizabeth L. Deeley and also available at the URL addresses provided in the table set forth above.

Dated:  May 18, 2015

Respectfully submitted,
KIRKLAND & ELLIS LLP


*/s/ Elizabeth L. Deeley*

Elizabeth L. Deeley (SBN 230798)
Kristin Sheffield-Whitehead (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: elizabeth.deeley@kirkland.com
           kristin.sheffield-whitehead@kirkland.com

Andrew B. Clubok  (admitted *pro hac vice*)
Susan E. Engel
Carrie J. Bodner (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-6460
Email: andrew.clubok@kirkland.com
           seengel@kirkland.com
           carrie.bodner@kirkland.com

*Attorneys for Defendant Facebook, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2015, a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court of the Northern District of California by using the CM/ECF system, which will send notice of such filing to all counsel of record.

Trinette G. Kent, Esq. (Bar No. 222020)
Of Counsel in Arizona and California
LEMBERG LAW LLC
10645 North Tatum Blvd.
Suite 200-192
Phoenix, AZ 85028
Tel: (855) 301-2100 ext. 5533
Fax: (203) 653-3424
Email: tkent@lemberglaw.com

Sergei Lemberg (*pro hac vice forthcoming*)
Stephen Taylor (*pro hac vice forthcoming*)
LEMBERG LAW LLC
1100 Summer Street
Stamford, CT 06905
Tel: (203) 653-2250
Fax: (203) 653-3424
Email: slemberg@lemberglaw.com
Email: staylor@lemberglaw.com

*Attorneys for Plaintiff*
*Noah Duguid*

_/s/ Sarah Farley_____
Sarah Farley