1  Trinette G. Kent, Esq. (Bar No. 222020)   Andrew B. Clubok (*pro hac vice*)
   Of Counsel in Arizona and California       Carrie J. Bodner (*pro hac vice*)
2  Lemberg Law LLC                            KIRKLAND & ELLIS LLP
3  10645 North Tatum Blvd.                     601 Lexington Avenue
   Suite 200-192                              New York, NY 10022
4  Phoenix, AZ 85028                          Tel: (212) 446-4800
   Telephone:   855-301-2100 ext. 5533        Fax: (212) 446-6460
5  Facsimile:  203-653-3424                   Email: andrew.clubok@kirkland.com
   E-mail: tkent@lemberglaw.com
6

7

8  Sergei Lemberg (phv) (CT Bar. No. 425027)   Elizabeth L. Deeley (SBN 230798)
   Lemberg Law, LLC                           KIRKLAND & ELLIS LLP
9  43 Danbury Road                            555 California Street
   Wilton CT, 06897                           San Francisco, CA 94104
10 Telephone:  (203) 653-2250                 Telephone: (415) 439-1400
   Facsimile:  (203) 653-3424                 Facsimile: (415) 439-1500
11 E-mail: slemberg@lemberglaw.com            Email: elizabeth.deeley@kirkland.com
12
                                              Susan E. Engel (*pro hac vice*)
13                                            KIRKLAND & ELLIS LLP
                                              655 Fifteenth Street, NW
14                                            Washington, DC 20005
                                              Tel: (202) 879-5000
15                                            Fax: (202) 879-5200
16                                            Email: susan.engel@kirkland.com

17

18                   UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20

21

22 Noah Duguid, *on behalf of himself and all others*    Case No.:  3:15-cv-00985-JST
   *similarly situated*,
23                                                        **JOINT CASE MANAGEMENT
                         Plaintiff,                       STATEMENT**
24
          vs.                                             Date:       June 1, 2016
25                                                        Time:       2:00 PM
   Facebook, Inc.,                                        Courtroom:  9, 19th Floor
26                                                        Judge:      Hon. Jon S. Tigar
                         Defendant.
27

28

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

## I.    JURISDICTION AND SERVICE

Jurisdiction is appropriate pursuant to 28 U.S.C. §1331, *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751-53 (2012), as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., (the "TCPA").  Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that Defendant resides in this District, and a substantial part of the events giving rise to the claim occurred in this District.  All parties to this action have been served.

## II.    FACTS

### A.    Plaintiff's Statement

Plaintiff contends that Defendant violated the TCPA by contacting Plaintiff through use of automated text messages.  Plaintiff received Facebook's text messages despite not having a Facebook account.  On several occasions, in an attempt to get the Defendant's text messages to cease, Plaintiff responded to Defendant's text message by stating "Off."  Defendant replied by text message that its text messages had been turned off, however Plaintiff continued to receive the automated text messages.  Other consumers have received Defendant's automated text messages (i) despite not having a Facebook account, and (ii) after having requested that Defendant cease.  Defendant has violated the TCPA as to all such consumers.  Defendant fails to provide consumers with practical means of stopping its automated text messages, as required by the Federal Communications Commission.

### B.    Defendant's Statement

Plaintiff alleges that he received unsolicited "login notification" text messages to his cellular phone which informed him that a Facebook account associated with Plaintiff's cellular phone number had been accessed from an unrecognized device at a particular time and date.  Plaintiff

claims these text messages violated the TCPA because they were allegedly sent on an automatic telephone dialing system ("ATDS"), and Plaintiff allegedly did not consent to receive such messages.  Plaintiff purports to bring his claim on behalf of a class of persons who did not provide their phone number to Facebook and purportedly received one or more text messages on their cellular phones, made through the use of an ATDS, as well as on behalf of a class of persons who purportedly received text messages on their cellular phones, made through the use of an ATDS, after those persons had notified Facebook that they no longer wished to receive text messages and received a confirmation to that effect.

**III.    LEGAL ISSUES**

   **A.    Plaintiff's Statement**

- Whether a class can be certified;

- If a class is certified, the size of the class;

- Whether Defendant violated the TCPA;

- Whether Defendant acquired Plaintiff's prior express consent to send communications to Plaintiff via text message;

- Whether Defendant used an automated telephone dialing system when text messaging Plaintiff's cellular telephone;

- Whether Plaintiff requested that Defendant cease all text messages to his cellular telephone; and

- Whether Defendant's text messages to Plaintiff were made in knowing and/or willful violation of the TCPA such that the imposition of treble damages is warranted.

   **B.    Defendant's Statement**

- Whether class certification is appropriate on Plaintiff's claims.

- Whether Defendant made a "call" within the meaning of the TCPA.

- Whether Defendant made a "call" using an ATDS as defined by the TCPA;

- Whether the allegedly infringing login notification text messages fall within the TCPA's emergency exception;

- Whether the TCPA violates the First Amendment on its face;

- Whether the TCPA violates the First Amendment as applied to the login notification text messages at issue;

- Whether Defendant's conduct was knowing and/or willful;

- Whether Plaintiff has Article III standing to bring his TCPA claim after the Supreme Court's decision in *Spokeo, Inc. v. Robins*, No. 13-339 (May 16, 2016);

- Whether Defendant is liable for damages, and the amount of such damages; and

- Whether injunctive relief is appropriate.

## IV.   MOTIONS

### A.   Key Prior Motions

Defendant filed a Motion to Dismiss on May 18, 2015 (Doc. No. 24), which was granted without prejudice on March 24, 2016 (Doc. No. 48).  Plaintiff amended his class action complaint on April 22, 2016. (Doc. No. 53).

### B.   Pending and Anticipated Motions

On May 26, 2016, Defendant will move to dismiss the First Amended Complaint for failure to state a claim.  In addition, as discussed in Section X, *infra*, the parties intend to soon file a joint motion to relate a case.

Defendant moved to vacate the case management schedule and ADR deadlines until after the Court has rendered a decision on the motion to dismiss  (Doc. No. 55), and Plaintiff has opposed that motion (Doc. No. 57).  However, in an effort to reach a compromise, the parties jointly propose that discovery proceed in accordance with the schedule outlined in Section XVII *infra*.

Should the motion to dismiss be denied, Defendant anticipates filing a motion for summary judgment.

## V.   AMENDMENT OF PLEADINGS

### A.   Plaintiff's Statement

Plaintiff does not anticipate further amending the pleadings at this time and propose the following deadline to amend the pleading: June 27, 2016.

**B.      Defendant's Statement**

At this time, Defendant does not anticipate adding additional parties.  Defendant reserves the right to assert affirmative defenses at the appropriate time.  Defendant agrees to Plaintiff's proposed deadline of June 27, 2016 for amending the pleading.

## VI.      EVIDENCE PRESERVATION

The parties have reviewed the ESI Guidelines and have met and conferred regarding the preservation of relevant evidence.  All parties are complying in good faith with their obligations to preserve potentially relevant documents, including electronic evidence.

## VII.      DISCLOSURES

The parties have agreed to a compromise whereby the parties will exchange their Rule 26 initial disclosures 30 days after a decision on Defendant's motion to dismiss the First Amended Complaint.

## VIII.   DISCOVERY

The parties have not conducted any formal discovery to date, and do not anticipate any discovery disputes at this time. The parties will meet and confer in good faith regarding a protocol for the production of ESI when discovery has opened in this matter. The parties are not aware of any issues regarding privilege at this time, and reserve their rights to seek modifications to limits on discovery until discovery has opened.

**A.      Plaintiff's Statement**

In an effort to reach a compromise, the parties jointly propose that discovery proceed in accordance with the schedule outlined in Section XVII *infra*.

Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (i) the text messages transmitted between Defendant and Plaintiff; (ii) the equipment or system used by

Defendant to transmit text messages to Plaintiff; (iii) Defendant's policies and procedures for tracking consent to transmit text messages; (iv) Defendant's records of consent to transmit text messages; (v) Defendant's policies, procedures and practices for receiving consumers text message requests that Facebook cease sending text messages; (vi) the total number of consumers who requested via text message that Defendant cease sending text messages; (vii) the total number of consumers to whom Defendant sent a text message after receiving such a request; (viii) the total number of such text messages sent by Defendant; (ix) Defendant's defenses; (x) communications between Defendant and/or its agents related to the transmission of login notification text messages.

**B.     Defendant's Statement**

Defendant's discovery will concern issues relevant to class certification, including, inter alia, unnamed class members' consent and/or revocation of consent.  Defendant's discovery may also concern standing and the chilling effect of the TCPA on speech, the availability of alternative mechanisms for restricting unwanted calls, and the legitimacy of the government's privacy interest and whether that interest supports restricting login notification text messages.

**IX.     CLASS ACTIONS**

**A.     Plaintiff's Statement**

Plaintiff brings this action pursuant to Rule 23(b)(2) and (b)(3) on behalf of himself and two putative classes of similarly situated individuals, defined as follows:

**Class 1:** All persons within the United States who did not provide their cellular telephone number to Defendant and who received one or more text messages, from or on behalf of Defendant to said person's cellular telephone, made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

**Class 2:** All persons within the United States who, after notifying Defendant that it no longer wished to receive text messages and receiving a confirmation from Defendant to that effect, received one or more text messages, from or on behalf of Defendant to said person's cellular telephone, made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

**B.     Defendant's Statement**

Defendant's position is that class certification is inappropriate in this case for numerous reasons, including that as defined the classes are not ascertainable and whether class members provided consent or revoked that consent, and whether class members have standing, is an individual issue that would overwhelm any common issues.   Any scheduling relating to class certification briefing or discovery is premature at this stage, given the forthcoming motion to dismiss and notification to the United States of the challenge to the TCPA's constitutionality.

**X.    RELATED CASES**

Previously, on March 25, 2016, Defendant filed an unopposed administrative motion to relate *Brickman v. Facebook, Inc.*, Case No. 4:16-cv-00751, and *Roche v. Facebook, Inc.*, Case No. 3:15-cv-05147-RS, with this action.   This Court issued an order on March 31, 2016 denying the administrative motion to relate the cases. (Doc. No. 51).

Defendant recently learned of a potentially related case, *Holt v. Facebook, Inc.*, Case No. 3:16-cv-02266-JSC, currently pending in this District, and has conferred with counsel for Plaintiff in this action and counsel for plaintiff in *Holt* regarding the same.   The parties plan to file a joint motion requesting that the court find that *Holt* is related to this action.

**XI.    RELIEF**

**A.    Plaintiff's Statement**

In his First Amended Class Action Complaint, Plaintiff requests the Court enter an order providing:

(i)     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

(ii)    Declaratory relief that Defendant violated the TCPA, and did so knowingly and willfully (¶¶ 73, 79);

(iii)   Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

(iv)    Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

1      (v)     An award of attorneys' fees and costs to counsel for Plaintiff and the Classes; and

2      (vi)    Such other relief as the Court deems just and proper.

**B.**     **Defendant's Statement**

Defendant's position is that no damages are appropriate in this case.  If liability is found, damages will be calculated based on the provisions of the TCPA.  Injunctive relief will not be appropriate under any circumstance.

## XII.   SETTLEMENT AND ADR

The parties intend to engage in good faith settlement discussions and have complied with ADR L.R. 3-5.  The parties do not anticipate the necessity of any motions in order to engage in meaningful ADR.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff respectfully declined to proceed before a magistrate judge for all purposes. (Doc. No. 9).

## XIV.   OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

## XV.   NARROWING OF ISSUES

The parties do not foresee any issues that can be narrowed by agreement or motion, have no suggestions to expedite the presentation of evidence at trial, and do not foresee any requests to bifurcate issues, claims or defenses.

## XVI.   EXPEDITED SCHEDULE

The parties do not believe that this case is appropriate for an expedited schedule under General Order No. 64.

## XVII.  SCHEDULING

As discussed above in Section IV.B, the parties disagree whether discovery should be stayed pending a decision on Defendant's motion to dismiss the First Amended Complaint.  Nevertheless, in an effort to compromise, the parties have agreed to the following proposed schedule:

| | |
|---|---|
| **Initial disclosures** | 30 days after ruling on motion to dismiss |
| **Class certification discovery cutoff** | 6 months after ruling on motion to dismiss |
| **Plaintiff's class certification motion** | 7 months after ruling on motion to dismiss |
| **Defendant's response to class certification motion** | 8 months after ruling on motion to dismiss |
| **Plaintiff's reply to Defendant's response** | 2 weeks after Defendant's response |
| **Fact discovery cutoff** | 4 months after ruling on certification |
| **Plaintiff's designation of experts** | 1 month after close of fact discovery |
| **Defendant's designation of experts** | 1 month after Plaintiff's designation of experts |
| **Rebuttal expert witnesses** | 1 month after Defendant's designation of experts |
| **Expert discovery cutoff** | 1 month after rebuttal expert witness deadline |

## XVIII. TRIAL

### A.     Plaintiff's Statement

Plaintiff demands a jury trial.  Plaintiff estimates that the trial will last two days.

### B.     Defendant's Statement

Plaintiff has demanded a jury trial.  Defendant anticipates a total of two days for trial of Plaintiff's individual claim, or seven days if the case is to be tried as a class.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff and Defendant have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

1

## XX.   PROFESSIONAL CONDUCT

2

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct

3

for the Northern District of California.

4

## XXI.   OTHER MATTERS

5

There are no other matters at this time.

6

7

Dated: May 18, 2016                                    */s/   Trinette G. Kent*

8

Trinette G. Kent, Esq.
Lemberg Law, LLC

9

10

*Attorney for Plaintiff, Noah Duguid*

11

Dated: May 18, 2016                                    */s/ Andrew B. Clubok*

12

Andrew B. Clubok (*pro hac vice*)
13
Carrie J. Bodner (*pro hac vice*)
KIRKLAND & ELLIS LLP
14
601 Lexington Avenue
New York, NY 10022
15
Tel: (212) 446-4800
Fax: (212) 446-6460
16
Email: andrew.clubok@kirkland.com

17

Elizabeth L. Deeley (SBN 230798)
18
KIRKLAND & ELLIS LLP
555 California Street
19
San Francisco, CA  94104
Telephone: (415) 439-1400
20
Facsimile: (415) 439-1500
Email: elizabeth.deeley@kirkland.com
21

22
Susan E. Engel (*pro hac vice*)
KIRKLAND & ELLIS LLP
23
655 Fifteenth Street, NW
Washington, DC 20005
24
Tel: (202) 879-5000
Fax: (202) 879-5200
25
Email: susan.engel@kirkland.com

26
*Attorneys for Defendant Facebook, Inc.*

27

28