Andrew B. Clubok (*pro hac vice*)
Carrie J. Bodner (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Tel:  (212) 446-4800
Fax:  (212) 446-6460
Email:  andrew.clubok@kirkland.com

Elizabeth L. Deeley (SBN 230798)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: elizabeth.deeley@kirkland.com

Attorneys for Defendant
*Facebook, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NOAH DUGUID, *individually and on behalf of all others similarly situated*,<br><br>     Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>     Defendant. | CASE NO.: 3:15-cv-00985-JST<br><br>**JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:          Hon. Jon S. Tigar<br>Courtroom:  Courtroom 9, 19th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that a potential related case has been filed against Defendant Facebook, Inc. ("Facebook"), in the United States District Court for the Northern District of California.  Pursuant to Civil L.R. 3-12 and 7-11, Facebook and Christine Holt, plaintiff in *Holt v. Facebook, Inc.*, Case No. 3:16-cv-02266-WHO, respectfully file this Joint Administrative Motion to Consider Whether Cases Should Be Related.

## I. LEGAL STANDARD

Civil Local Rule 3-12(a) provides that an "action is related to another when" the "actions concern substantially the same parties, property, transaction or event," and it "appears likely that there will be unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Rule 3-12(b) requires a party to "promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related" whenever "a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a) . . . ."

## II. RELATED CASES

The recently-filed case of *Holt v. Facebook, Inc.*, Case No. 3:16-cv-02266-WHO may potentially be related to *Duguid v. Facebook*, Case No. 3:15-cv-00985-JST, the lowest-numbered case currently pending before this Court. Both cases concern similar parties and events: individual named plaintiffs who seek to represent overlapping putative classes of individual cellular phone users, and who assert claims under the Telephone Consumer Protection Act ("TCPA") concerning allegedly infringing text messages, including text messages sent to "recycled" cellular phone numbers.

Specifically, the plaintiff in *Duguid* defines the two classes he purports to represent as a class of persons who did not provide their phone numbers and received any text message, and a second class of those who notified Facebook to stop sending any text message:

> [1] All persons within the United States who did not provide their cellular telephone number to Defendant and who received one or more text messages, from or on behalf of Defendant to said person's cellular telephone, made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint[; and]

> [2] All persons within the United States who, after notifying Defendant that it no longer wished to receive text messages and receiving a confirmation from Defendant to that effect, received one or more text messages, from or on behalf of Defendant to said person's cellular telephone, made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

D.E. 53, First Am. Compl. ("Duguid Compl.") ¶ 34. The plaintiff in *Holt* seeks to represent two potentially overlapping classes, one of persons for whom Facebook did not have consent to send text messages and a second of persons who received text messages from Facebook after making the express request that the text messages stop:

> [1] All persons in the United States who: (1) received a text message call initiated by Defendant; (2) at his or her cellular telephone number; and (3) for which Defendant did not have any current record of prior express consent from him or her to place such text message calls at the time the text message calls were placed[; and]
>
> [2] All persons in the United States who: (1) received a text message call initiated by Defendant; (2) at his or her cellular telephone number; (3) *after* making an express request to Facebook for the text messages to cease, other than a final one-time confirmation text message confirming the recipient's desire to not receive such messages.

Holt Compl. ¶ 45.[1] Accordingly, the proposed classes in both the *Duguid* and *Holt* matters likely overlap.[2]

Additionally, both cases appear to raise similar questions about the scope and application of the TCPA and its exceptions, including whether the TCPA prohibits the text messages sent to named plaintiffs and putative class members, and, in Facebook's view, whether the First Amendment allows such a prohibition. This Court's decision on Facebook's Motion to Dismiss the First Amended Complaint in *Duguid* could address questions of law that may be raised by Facebook in, and therefore may be relevant to, the *Holt* matter. Given the factual similarities and potential overlap of the classes, litigating the cases separately before different judges could result in unduly burdensome duplication of labor and expense, and potentially conflicting results. *See* Civil L.R. 3-12(a).

For the reasons above, Facebook and Ms. Holt respectfully believe that the *Holt* and *Duguid* matters are related pursuant to the Local Rules.

---

[1] In pointing out this overlap for purpose of Local Rule 3-12, Facebook in no way concedes that class action treatment is appropriate in either case.

[2] The Court denied a motion to relate another putative class action brought by a Facebook user seeking to represent a class of individuals who had received birthday text messages. D.E. 50-51 (regarding *Brickman v. Facebook, Inc.* Case No. 3:16-cv-00751-MMC).

1 | Dated: June 7, 2016

2 | /s/ Todd Logan                                    /s/ Carrie J. Bodner

3 | Todd Logan (SBN 305912)                           Andrew B. Clubok (*pro hac vice*)
tlogan@edelson.com                                 Carrie J. Bodner (*pro hac vice*)
4 | EDELSON PC                                        KIRKLAND & ELLIS LLP
329 Bryant Street                                  601 Lexington Avenue
5 | San Francisco, California 94107                   New York, NY 10022
Tel: 415.234.5260                                  Tel: (212) 446-4800
6 | Fax: 415.373.9495                                 Fax: (212) 446-6460
                                                   Email: andrew.clubok@kirkland.com
7 | *Attorney for Plaintiff Holt in the action Holt
v. Facebook, Inc., Case No. 3:16-cv-02266-*        Elizabeth L. Deeley (SBN 230798)
8 | *WHO*                                             KIRKLAND & ELLIS LLP
                                                   555 California Street
9 |                                                   San Francisco, CA 94104
                                                   Telephone: (415) 439-1400
10 |                                                  Facsimile: (415) 439-1500
                                                   Email: elizabeth.deeley@kirkland.com
11 |
12 |                                                   Attorneys for Defendant
                                                   *Facebook, Inc.*
13 |                                                  *Attorneys for Defendant Facebook, Inc.*

JOINT ADMINISTRATIVE MOTION TO         4         CASE NO. 3:15-CV-00985-JST
CONSIDER WHETHER CASES SHOULD BE
RELATED

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)**

I, Carrie J. Bodner, am the ECF User whose ID and password are being used to file this document. I hereby attest that concurrence in the filing of this document has been obtained from the signatories.

*/s/ Carrie J. Bodner*
Carrie J. Bodner

JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED         1         CASE NO. 3:15-CV-00985-JST

## CERTIFICATE OF SERVICE

On June 7, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF in this matter, *Duguid v. Facebook*, Case No. 3:15-cv-00985. In addition, copies have been served by U.S. Mail and Hand Delivery:

| | |
|---|---|
| Todd M Logan<br>Edelson PC<br>329 Bryant Street<br>San Francisco, CA 94107<br><br>Counsel for Plaintiff in *Holt v. Facebook, Inc.*, Case No. 3:16-cv-02266-WHO<br><br>**By U.S. Mail** | Hon. William H. Orrick<br>United States District Court<br>Northern District of California<br>450 Golden Gate Avenue  94102<br><br>Presiding Judge in *Holt v. Facebook, Inc.*, Case No. 3:16-cv-02266-WHO<br><br>**By Hand Delivery Attn: Clerk of Court** |
| Trinette Gragirena Kent<br>Lemberg Law LLC<br>10645 North Tatum Blvd.,<br>Suite 200-192<br>Phoenix, AZ 85028<br><br>Counsel for Plaintiff in *Duguid v. Facebook, Inc.*, Case No. 3:15-cv-00985<br><br>**By U.S. Mail** | Hon Jon S. Tigar<br>United States District Court<br>Northern District of California<br>450 Golden Gate Avenue  94102<br><br>Presiding Judge in *Duguid v. Facebook, Inc.*, Case No. 3:15-cv-00985<br><br>**By Hand Delivery Attn: Clerk of Court** |
| Sergei Lemberg<br>Lemberg Law, LLC<br>43 Danbury Road<br>Wilton, CT 06897<br><br>Counsel for Plaintiff in *Duguid v. Facebook, Inc.*, Case No. 3:15-cv-00985<br><br>**By U.S. Mail** | Stephen Taylor<br>Lemberg Law LLC<br>1100 Summer Street<br>Stamford, CT 06905<br><br>Counsel for Plaintiff in *Duguid v. Facebook, Inc.*, Case No. 3:15-cv-00985<br><br>**By U.S. Mail** |
| Bailey Wilson Heaps<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, NW<br>Washington, DC 20530<br><br>*Counsel for Intervenor United States of America* in *Duguid v. Facebook, Inc.*, Case No. 3:15-cv-00985<br><br>**By U.S. Mail** | |

1 | All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been
2 | so served.

      */s/ Carrie J. Bodner*
      Carrie J. Bodner