**EXHIBIT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                        Plaintiff,<br><br>v.<br><br>SQM US, INC. et al.,,<br><br>                        Defendants. | Case No.: 3:16-CV-1609-CAB-JLB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 14] |

This matter is before the Court on Defendants' motion to dismiss for lack of standing. The motion has been fully briefed and the Court deems it suitable for submission without oral argument. For the following reasons, the motion is granted and the first amended complaint ("FAC") is dismissed with prejudice.

**I.    Allegations in the Complaint**

The factual allegations in the FAC are straightforward. On October 21, 2015, Defendants allegedly called Plaintiff's cellular telephone one time using an automatic telephone dialing system ("ATDS"). [Doc. No. 8 at ¶¶ 15-18.] The telephone number that Defendants allegedly called was "assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1)." [*Id.* at ¶ 19.] Plaintiff alleges that he did not provide his cellular telephone number to Defendants or give them permission to call his cellular telephone. [*Id.* at ¶ 21.]

1

Based on this single alleged telephone call, Plaintiff asserts claims for negligent and willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff also seeks to represent a class consisting of others who received telephone calls made with an ATDS to their cellular telephones without their consent within the four years prior to the filing of the complaint.

## II. Legal Standard

Defendants bring their motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Defendants state they are making a facial attack, meaning they assert "that the allegations contained in [the FAC] are insufficient on their face to invoke federal jurisdiction." *Id.* "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## III. Discussion

Defendants argue that Plaintiff lacks standing to sue because he has not suffered a concrete injury caused by the alleged TCPA violation. The standing to sue doctrine is derived from Article III of the Constitution's limitation of the judicial power of federal courts to "actual cases or controversies." *Spokeo v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). This case primarily concerns the first element.

The first element, injury in fact, "is a constitutional requirement, and 'it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Spokeo*, 136 S.Ct. at 1547-48 (quoting *Raines*, 521 U.S. at 820, n.3). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). "'For an injury to be "particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560, n.1). Meanwhile, "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* (citing Black's Law Dictionary 479 (9th ed. 2009)). Therefore, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. A "bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id.*

"The party invoking federal jurisdiction bears the burden of establishing these elements. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561 (internal citations omitted). Here, because Defendants make only a facial attack on standing in connection with their motion to dismiss, the Court only considers whether, assuming the truth of the allegations in the FAC, Plaintiff has Article III standing.[1]

---

[1] Despite framing their motion as a facial attack, Defendants make several arguments based on the context of and reason for the telephone call constituting the TCPA violation, and about Plaintiff's litigious nature. None of these arguments are based on allegations in the FAC, so the Court did not consider them in arriving at its decision here.

The only allegation in the FAC that arguably relates to any injury to Plaintiff is the claim that the cellular telephone Defendants' called is "assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls." This phrasing mimics the language of the TCPA, which makes it unlawful to make a call using an ATDS "to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). For the purposes of this motion, the Court assumes that Plaintiff is alleging that he actually incurred a specific charge for Defendants' call to his cellular telephone.

Even with this assumption, the FAC does not adequately allege standing because it does not, and cannot, connect this claimed charge with the alleged TCPA violation—Defendants' use of an ATDS to dial his cellular telephone number. Put differently, Plaintiff does not, and cannot, allege that Defendants' use of an ATDS to dial his number caused him to incur a charge that he would not have incurred had Defendants manually dialed his number, which would not have violated the TCPA. Therefore, Plaintiff did not suffer an injury in fact traceable to Defendants' violation of the TCPA and lacks standing to make a claim for the TCPA violation here.

Notably, in his opposition brief, Plaintiff does not even argue that the alleged charge he incurred as a result of the call was a sufficient injury in fact to establish standing. Instead, Plaintiff's only arguments supporting the existence of standing are premised on purported injuries or harm that are not alleged in the FAC. Specifically, Plaintiff argues that he "sustained injury when he had to waste time answering and addressing the robo-call," and that he was injured insofar as the call depleted his phone's battery, requiring him to recharge it.[2] [Doc. No. 19 at 14-15.]

---

[2] The FAC's allegation that it "expressly is not intended to request any recovery for personal injury and claims related thereto" [Doc. No. 8 at ¶ 27] effectively disclaims these injuries that Plaintiff now argues support standing in opposition to the instant motion.

4

Even if the Court were to grant Plaintiff leave to amend to include these purported injuries that were not alleged in the FAC, Plaintiff would not overcome a facial attack on standing. As with the charge Plaintiff allegedly incurred because of the call, these injuries are not connected to Defendants' alleged use of an ATDS to dial his number. "A plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution to challenge those acts in a suit in federal court." *McNamara v. City of Chicago*, 138 F.3d 1219, 1221 (7th Cir. 1998). Here, Mr. Ewing would have been no better off had Defendants dialed his number manually (in which case they would have refrained from violating the TCPA). He would have had to expend the same amount of time answering and addressing Defendants' manually dialed telephone call and would have incurred the same amount of battery depletion. Further, that the use of an ATDS may have allowed Defendants to place a greater number of calls more efficiently did not cause any harm to Plaintiff. *See Silha v. ACT, Inc.*, 807 F.3d 169, 174-75 (7th Cir. 2015) ("[A] plaintiff's claim of injury in fact cannot be based solely on a defendant's gain; it must be based on a plaintiff's loss.").

In sum, to use the language from *Spokeo*, Plaintiff's alleged concrete harm (and the harm he argued in his opposition but did not allege in the FAC) was divorced from the alleged violation of the TCPA. *See Spokeo*, 136 S.Ct. at 1549 (holding that "a bare procedural violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact requirement of Article III"). Accordingly, Plaintiff has not and cannot satisfy the standing to sue requirements of Article III.

**IV. Conclusion**

For the foregoing reasons, Plaintiff has not alleged, and cannot plausibly allege, a concrete injury traceable to Defendants' alleged use of an ATDS to call his cellular telephone in violation of the TCPA. Defendants' motion to dismiss is therefore

1  **GRANTED** for lack of standing, and the first amended complaint is **DISMISSED WITH**
2  **PREJUDICE**.[3]
3      It is **SO ORDERED**.
4  Dated:  September 29, 2016

                                            Hon. Cathy Ann Bencivengo
                                            United States District Judge

---

[3] In light of this decision, Defendants' motion to strike [Doc. No. 13] is **DENIED AS MOOT**.