SERGEI LEMBERG
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: slemberg@lemberglaw.com

TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Attorneys for Plaintiff,
Noah Duguid

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| Noah Duguid, *on behalf of himself and all others similarly situated*<br><br>Plaintiff,<br><br>vs.<br><br>Facebook, Inc.,<br><br>Defendant. | Case No.: 3:15-cv-00985-JST<br><br>**PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Judge: Hon. Jon S. Tigar<br>Hearing Date: Vacated |

Plaintiff Noah Duguid ("Plaintiff") submits this Notice of Additional Authority in Opposition to Defendant Facebook, Inc's ("Facebook") Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff notices *Brickman v. Facebook, Inc.*, 2017 WL 386238 (N.D. Cal. Jan. 27, 2017) (Henderson, J.). *Brickman* is informative on two issues: (1) whether Plaintiff plausibly alleges Facebook's use of an automatic telephone dialing system ("ATDS"), and (2) whether the Telephone Consumer Protection Act ("TCPA") violates the First Amendment.

First, the *Brickman* court found that the plaintiff plausibly alleged that Facebook's system used to send birthday announcement text messages was an ATDS. There, the Court found that the plaintiff's pleading was plausible because it "alleged exactly how Facebook's software determines who to text, how it gathers the contact information needed to send out texts, how it creates text messages, and how it sends them out, all without human intervention. *Id.* at *3. The facts alleged here accomplish the same.

First, Facebook's system is triggered to send a text message upon a Facebook account being accessed from a new device or location. (Amended Complaint ¶¶ 14-16; *see also* Defendant's Motion, Doc. No. 65 p. 4-5).

Second, Facebook acquires the phone numbers from its users, which it then stores in a computer database. (Amended Complaint ¶¶ 14, 19; *see also* Defendant's Motion, Doc. No. 65 p. 4 ("To activate login notifications or login approvals, Facebook users must . . . add[] a mobile number to a Facebook account . . . .")).

Third, Facebook creates the template text messages automatically using PHP computer coding—Plaintiff cites that Facebook uses PHP-language coding, and demonstrates exactly how it can be used to generate the very message repeatedly received by Plaintiff. (Amended Complaint ¶¶ 29-33).

And fourth—again, both parties agree the messages are automatically triggered upon a Facebook account being accessed from a new device or location. As cited in *Brickman,* "whether human intervention exists is a case-by-case determination that

requires the Court to analyze 'how the equipment functions.'" *Brickman*, 2017 WL 386238, at *4. There, Facebook argued the text message "was triggered by human intervention because . . . Brickman signed up for Facebook; linked his cell phone number to his profile; befriended Mr. Stewart on Facebook, who himself entered his birth date; and then decided to share that date with his Facebook friends." *Id.* Here, Plaintiff did not sign up for Facebook, did not link his number to Facebook, and did not make any friendship elections on Facebook's website. The text messages were not in any way triggered by any action of any human known to Plaintiff. Moreover, he requested that the text messages cease, which Facebook expressly acknowledged then ignored. In short, there was no human intervention on the part of Plaintiff.

Nonetheless, Facebook argues that it is an unknown person's attempt to log in to an unknown Facebook account from an unknown location or device that qualifies as human intervention. This position is untenable and must be rejected. The invasion of Plaintiff's privacy starts and ends with Facebook's creation of an automated system which ignores consumers' requests to cease messaging. Some remote human action, wholly unidentified by Facebook, does not qualify as human intervention and does not render Plaintiff's claim implausible at the pleading stage.

Second, the *Brickman* court found that the TCPA does not violate the First Amendment and withstands strict scrutiny:

- The TCPA serves a compelling interest because it protects the "well-being, tranquility, and privacy of the home," interests of the "highest order in a free and civilized society." *Id.* at *6 (quoting *Carey v. Brown*, 447 U.S. 455, 471 (1988)).
- The TCPA is not impermissibly underinclusive as it is not riddled with exceptions, and its few exceptions are limited in scope. *Id.* at *7.
- The TCPA is not overinclusive—indeed it is "quite limited in what it prohibits" in that it only restricts calls "made *using an ATDS without the prior express consent* of the recipient." *Id.* at *8.

For the same reasons cited in *Brickman*, and for the reasons argued in Plaintiff's Opposition, this Court should (1) find Plaintiff plausibly alleges Facebook's use of an ATDS, and (2) find that the TCPA does not violate the First Amendment.

DATED: January 30, 2017

By: */s/ Sergei Lemberg*
SERGEI LEMBERG
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Attorneys for Plaintiff, Noah Duguid*

# CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2017, a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court of the Northern District of California by using the CM/ECF system, which will send notice of such filing to all counsel of record.

>Elizabeth L. Deeley
>Kristin I Sheffield-Whitehead
>Kirkland & Ellis LLP
>555 California Street, Suite 2700
>San Francisco, CA 94104
>Tel: (415) 439-1400
>Tel: (415) 439-1420
>Fax: (415) 439-1500
>edeeley@kirkland.com
>kwhitehead@kirkland.com
>
>Andrew B. Clubok
>Carrie J Bodner
>Kirkland & Ellis LLP
>601 Lexington Avenue
>New York, NY 10022
>Tel: (212) 446-4800
>Tel: (212) 446-5912
>Fax: (212) 446-6460
>Andrew.clubok@kirkland.com
>Carrie.bodner@kirkland.com
>
>Susan E. Engel
>Kirkland & Ellis LLP
>655 Fifteenth Street, N.W.
>Washington, DC 20005-5793
>Tel: (202) 879-5000
>seengel@kirkland.com

*/s/ Sergei Lemberg*
Sergei Lemberg