**EXHIBIT A**

1 Andrew B. Clubok (*pro hac vice*)
   KIRKLAND & ELLIS LLP
2  601 Lexington Avenue
   New York, NY 10022
3  Tel: (212) 446-4800
   Fax: (212) 446-6460
4  Email: andrew.clubok@kirkland.com

5  Susan E. Engel (*pro hac vice*)
   Devin S. Anderson (*pro hac vice*)
6  KIRKLAND & ELLIS LLP
   655 Fifteenth Street, NW
7  Washington, DC 20005
   Tel: (202) 879-5000
8  Fax: (202) 879-5200
   Email: susan.engel@kirkland.com
9          devin.anderson@kirkland.com

10 Elizabeth L. Deeley (SBN 230798)
   KIRKLAND & ELLIS LLP
11 555 California Street
   San Francisco, CA 94104
12 Tel: (415) 439-1400
   Fax: (415) 439-1500
13 Email: elizabeth.deeley@kirkland.com

14 Attorneys for Defendant
   *Facebook, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| NOAH DUGUID, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | CASE NO.: 3:15-cv-00985-JST<br><br>**FACEBOOK, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Am. Compl. Filed: April 22, 2016<br><br>Judge: Hon. Jon S. Tigar |

Defendant Facebook, Inc. hereby responds to Plaintiff's Notice of Additional Authority in Opposition to Defendant's Motion to Dismiss (ECF No. 93). Facebook respectfully submits that *Brickman v. Facebook, Inc.*, No. 16-CV-00751-TEH, 2017 WL 386238 (N.D. Cal. Jan. 27, 2017), cannot salvage Plaintiff's case.

1. *Brickman* involved a plaintiff who was a Facebook user and who gave his number to Facebook. *See id.* at *1. The plaintiff received a single message reminding him to wish his Facebook friend a happy birthday. *See id. Brickman* acknowledged that the question whether the plaintiff had pleaded an ATDS was "certainly a close one," but went on to hold that the plaintiff had adequately pleaded the use of an ATDS, even though his allegations showed direct targeting. *Id.* at *3–4. *Brickman* also held that the TCPA is a content-based restriction of speech subject to strict scrutiny. Nevertheless, the Court held that the statute survived the "the most demanding test known to constitutional law." *City of Boerne v. Flores*, 521 U.S. 507, 534 (1997).

Facebook respectfully submits that *Brickman* was wrongly decided. In holding that the plaintiff plausibly alleged a claim for a violation of the TCPA, *Brickman* erroneously failed to construe the TCPA in a manner that would avoid constitutional problems. *See INS v. St. Cyr*, 533 U.S. 289, 299–300 (2001) ("[I]f an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is 'fairly possible,' we are obligated to construe the statute to avoid such problems." (citation omitted)). The decision adopted an overbroad reading of the ATDS requirement that gives no meaning to the "random or sequential number generator" requirement and conflicts with this Court's earlier decision in this case, which held that directly targeted messages do not create a plausible inference of an ATDS because "direct targeting . . . is inconsistent with the sort of random or sequential number generation required for an ATDS." *Duguid v. Facebook, Inc.*, No. 15-CV-00985-JST, 2016 WL 1169365, at *5 (N.D. Cal. Mar. 24, 2016).[1] And despite finding that the TCPA was subject to strict scrutiny,

---

[1] *Brickman* also conflicts with both *Flores v. Adir Int'l, LLC*, No. CV1500076ABPLAX, 2015 WL 4340020, at *4 (C.D. Cal. July 15, 2015)), and *Weisberg v. Stripe, Inc.*, No. 16-CV-00584-JST, 2016 WL 3971296, at *3 (N.D. Cal. July 25, 2016). *See Brickman*, 2017 WL 386238, at *3 n.1. Although *Brickman* invokes two cases from outside of the Northern District to support its reading of the ATDS requirement, neither case goes as far as *Brickman* does because neither involved a message directly targeted to a recipient who had provided the caller with his phone

*Brickman* took the extraordinary step of upholding the statute under strict scrutiny, an exceptionally rare result for a content-based restriction of speech. To Facebook's knowledge, only a handful of decisions from the Supreme Court and the Ninth Circuit have upheld content-based restrictions of speech under strict scrutiny over the last twenty years, and those decisions have been limited to particular contexts not analogous to the TCPA.[2] *Brickman* erred, though, by applying a diluted form of strict scrutiny that failed to give any meaning to the admonition that content-based restrictions are presumptively invalid. *See, e.g.*, *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2226 (2015) ("Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional . . . ."); *DISH Network Corp. v. FCC*, 653 F.3d 771, 778 (9th Cir. 2011) (content-based laws "almost always violate the First Amendment").

2. Setting aside the problems with *Brickman*, Plaintiff's claims here fail even on *Brickman*'s terms. To begin with, *Brickman* did not involve application of the emergency exception, as Facebook contends this case does. *Brickman*'s only comment on the emergency exception was to recognize that it rendered the TCPA content based.

Moreover, *Brickman* addresses and distinguishes this case for purposes of pleading an ATDS. *See Brickman*, 2017 WL 386238, at *3. The only plausible inference from Plaintiff's allegations here is that "human intervention is the impetus for the transmission of the challenged message," *id.* at *4, which the court held not to have been the case in *Brickman*. In this case, though, there is no plausible allegation that Facebook's equipment determined without human intervention

---

number and had a relationship with the caller, as was the undisputed case in *Brickman*. *Compare Brickman*, 2017 WL 386238, at *1, *4, *with Sherman v. Yahoo! Inc.*, 150 F. Supp. 3d 1213, 1217 (S.D. Cal. 2015) (involving a text message from Yahoo to a non-Yahoo user who was invited by a Yahoo user to use Yahoo's messaging service); *Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 14 CV 2752, 2014 WL 7005102, at *5 (N.D. Ill. Dec. 11, 2014) (similar).

[2] *See Williams-Yulee v. Florida Bar*, 135 S. Ct. 1656, 1666 (2015) (restrictions on speech of judicial candidates "one of the rare cases in which a speech restriction withstands strict scrutiny"); *Holder v. Humanitarian Law Project*, 561 U.S. 1, 25–39 (2010) (terrorist material support statute survived strict scrutiny); *Nat'l Inst. of Family & Life Advocates v. Harris*, 839 F.3d 823, 843–44 (9th Cir. 2016) (law requiring unlicensed pregnancy-related clinics to disseminate notice stating that they were not licensed survived strict scrutiny); *Wolfson v. Concannon*, 811 F.3d 1176, 1181 (9th Cir. 2016) (en banc) ("Federal, state, and local governments have struggled to meet strict scrutiny when defending speech restrictions," but restrictions on speech of judicial candidates survived strict scrutiny); *Crawford v. Lungren*, 96 F.3d 380, 386–89 (9th Cir. 1996) (CA law banning "harmful" matter in unsupervised vending machines survived strict scrutiny)

"who to text" about the login attempt or what to say about it. *Id.* at *3. Among other things, the messages were "directly triggered by an individual's affirmative acts," *id.* at *4, namely logging onto a specific user's unrecognized computer. *See* Am. Compl. ¶¶ 14, 16, 18, 20, 29 & Ex. A.

3. Turning to the First Amendment, *Brickman* agreed with Facebook's position here that the TCPA is a content-based restriction on speech. *See* 2017 WL 386238, at *5–6. Although *Brickman* nevertheless upheld the statute, that decision rests on a flawed application of strict scrutiny that conflicts with the only other cases to apply strict scrutiny to robocall laws in the wake of *Reed*. *See Cahaly v. Larosa*, 796 F.3d 399, 405 (4th Cir. 2015); *Gresham v. Rutledge*, No. 4:16CV00241 JLH, 2016 WL 4027901, at *4 (E.D. Ark. July 27, 2016).

*Brickman* committed clear legal error when it found that limiting the ATDS provision of the TCPA to commercial speech (like the residential line and fax provisions, *see* 47 U.S.C. §§ 227(b)(1)(C), 227(b)(2)(B); 47 C.F.R. 64.1200(a)(3)) does not count as a less restrictive alternative because commercial speech restrictions are likewise "subject to strict scrutiny." *Brickman*, 2017 WL 386238, at *9. That is incorrect: commercial speech restrictions are subject to an intermediate form of scrutiny, *see, e.g.*, *Fla. Bar v. Went For It, Inc.*, 515 U.S. 618, 623–24 ("[W]e engage in 'intermediate' scrutiny of restrictions on commercial speech."), and the Ninth Circuit has held that the TCPA passes muster under intermediate scrutiny, *see Moser v. FCC*, 46 F.3d 970, 973–75 (9th Cir. 1995); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 876–77 (9th Cir. 2014).

*Brickman* also erred by declining to consider the government debt exception in its strict scrutiny analysis, on the grounds that the government debt exception regulates government speech and "would be severable." 2017 WL 386238, at *8. But the Ninth Circuit has ruled the government speech doctrine inapplicable in the context of a statute like the TCPA, *see Gomez*, 768 F.3d at 877, and severing the government debt exception would not be "consistent with Congress' basic objectives in enacting the statute," *United States v. Booker,* 543 U.S. 220, 258–59 (2005), because jettisoning the government debt exception would *penalize* speech Congress made clear it wanted to be lawful, *see* Bipartisan Budget Act of 2015 § 301(a), Pub. L. No. 114-74, 129 Stat. 584 (adding government debt exception). *Brickman*'s reluctance to actually sever the government debt exception

only underscores that the TCPA is not salvageable.  The errors in *Brickman*'s analysis confirm that the TCPA is not one of the exceptional laws that can survive strict scrutiny.

Dated: February 2, 2017

Respectfully submitted,
KIRKLAND & ELLIS LLP

*/s/ Andrew B. Clubok*

Andrew B. Clubok  (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-6460
Email: andrew.clubok@kirkland.com

Susan E. Engel (*pro hac vice*)
Devin S. Anderson (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
Tel: (202) 879-5000
Fax: (202) 879-5200
Email: susan.engel@kirkland.com
          devin.anderson@kirkland.com

Elizabeth L. Deeley (SBN 230798)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: elizabeth.deeley@kirkland.com

*Attorneys for Defendant Facebook, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ Sarah Farley*
Sarah Farley